SUPERIOR COURT
of the
State of Delaware

William L. Witham, Jr.
*Resident Judge*

Kent County Courthouse
38 The Green
Dover, Delaware 19901
Telephone (302) 739-5332

Submitted: November 24, 2020
Decided: February 12, 2021

Plaintiff Pro Se:   Zohra Hajali

Defense Counsel:   Donald J. Gouge, Jr., Esquire

Re:   *Zohra Hajali v. The Norman Law Firm, et al.*
Civil Action No. N20C-09-263 WLW
Letter Order on Defendants' Motion to Dismiss

Dear Ms. Hajali and Mr. Gouge:

Before the Court is the Defendants', The Norman Law Firm; Stephen P. Norman, Esquire; and Johnathan R. Carroll, Esquire (hereafter "Norman") Motion to Dismiss pursuant to 10 Del. C. § 8106 claiming that Plaintiff's Zohra Hajali (hereafter "Hajali") Complaint of legal malpractice is time barred.

**Facts and Procedural Background**

Sometime in June 2015, Hajali retained Norman for representation in a police negligence claim. Norman filed Hajali's complaint on or about September 18, 2015.[1] Hajali alleges that Norman did commit legal malpractice by breaching the duty owed to her as a client by (1) not knowing landlord-tenant law; (2) not consulting with a specialist in that area of law and not taking time to acquaint themselves with that area of law; and (3) not hiring a specialist in that area of law. Additionally, Hajali

---

[1]   Dates are derived from Hajali's Amended Complaint at ¶ 28.

alleges that Norman failed to promptly communicate with Plaintiff and therefore Plaintiff's complaint contained false information and egregious errors. A jury trial on Hajali's police negligence claim was set for September 18, 2017, ending on September 22, 2017[2], with a jury verdict against Hajali.

Hajali's response provides an exhibit showing that her initial complaint was filed on September 22, 2020. On October 13, 2020, Hajali inquired with the Court's Prothonotary about the status of the complaint and whether it was ready to be mailed to Defendant Carroll in Maryland and to correct the spelling of Defendant Carroll's name. Hajali was informed that, to correct the Defendant's name, an amended complaint would need to be filed. Hajali then filed an amended complaint on October 13, 2020. Norman filed their Motion to Dismiss on November 5, 2020, and Hajali responded on November 20, 2020.

## Standard of Review

A three-year statute of limitations is imposed on all complaints for legal malpractice under 10 Del. C. § 8106. Section 8106 states that "no action to recover damages for trespass...and no action to recover damages caused by an injury unaccompanied with force or resulting indirectly from the act of the defendant shall be brought after the expiration of 3 years from the accruing of the cause of action."[3] This time limitation also applies to legal malpractice claims.[4] Accrual of the cause

---

[2] The case number for Hajali's jury trial is N15C-07-111 EMD which clearly shows that the jury returned its verdict on September 22, 2017, although the jury foreperson appears to sign the verdict sheet with an incorrect date.

[3] 10 Del. C. § 8106(a).

[4] *Middlebrook v. Ayres*, 2004 WL 1284207 at *4 (Del. Super. June 9, 2004).

of action is when the injury happens and not from when the plaintiff becomes aware of the injury.[5] The plaintiff cannot rely on ignorance of the injury to establish accrual of the cause of action except in instances of infancy, incapacity, and certain types of fraud.[6]

With regard to legal malpractice, exceptions to the operation of the statute include objective facts not being noticeable or understood to be a problem by laymen, "such as in a title defect or certain medical malpractice actions."[7] When such negligent conduct is discovered by the layman, the discovery rule acts as an exception to the statute of limitations. The discovery rule provides that "'when an inherently unknowable injury...has been suffered by one blamelessly ignorant of the act or omission and injury complained of, and the harmful effect thereof develops gradually over a period of time, the injury is 'sustained'...when the harmful effect first manifests itself and becomes physically ascertainable.'"[8] The discovery rule is to be narrowly construed to include injuries that are (1) inherently unknowable; and (2) sustained by a blamelessly ignorant plaintiff.[9]

**Discussion**

Norman argues that the dates of when the complaint and the amended complaint were filed with this Court were beyond the three years of when the cause of action accrued. Norman argues that the first attempt made by Hajali to file the

---

5  *Id.*
6  *Id.*
7  *Id.*
8  *Id.*; quoting *Layton v. Allen*, 246 A. 2d 794 at 798 (Del. 1968).
9  *Middlebrook*, 2004 WL 1284207 at *4.

complaint was October 1, 2020, and a subsequent attempt was made on October 7, 2020. Then Hajali filed an amended complaint on October 13, 2020. Additionally, Hajali's alleged injury occurred at some point between the time Plaintiff retained Norman for Plaintiff's police negligence claim to the date set for the jury trial, encompassing the timeframe of June 2015 to September 18, 2017. Further, Hajali alleges legal malpractice during the trial which concluded on September 22, 2017. Norman argues that there is no date to which Hajali can point that would be within the time limitations set by Section 8106.

Hajali's response is that the complaint was initially filed on September 22, 2020.[10] Hajali then inquired with the Court about sending the complaint via certified mail to Defendant Carroll and to correct the spelling of Defendant Carroll's name. At this time, Hajali was told that the complaint would have to be amended with the correct spelling. This occurred on October 13, 2020.[11] According to Hajali, there were no filings on October 1 and October 7, 2020.

Hajali infers that the filing on October 13, 2020 should relate back to the filing on September 22, 2020 and this Court agrees with that inference. "An amendment of a pleading relates back to the date of the original pleading when:

1) relation back is permitted by the law that provides the statute of limitations applicable to the action; or

2) the claim of defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading; or

---

10 Plaintiff's Response at Ex. 1 (the Prothonotary stamp shows a filing date of 9/22/20).
11 Plaintiff's Response at ¶¶ 4 – 5.

3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by statute or these Rules for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party."[12]

Hajali sought to amend the complaint to correct the spelling of a named Defendant's name. Hajali's filing of October 13, 2020 would have satisfied Superior Court Civil Rule 15(c)(2) because the amended complaint only changed the spelling of the named Defendant. Additionally, the record shows that the original complaint was filed with this Court on September 22, 2020, the last day in which Hajali could have filed the complaint within the limitations period. Amending a complaint to correct the spelling of one named Defendant does not create a new cause of action because the named Defendant was a member of the organization named in the original complaint and, therefore, either knew or should have known that, absent the misspelling of the Defendant's name, Defendant Carroll would have been a party to the action.

Additionally, Norman's argument that the initial filing of the complaint was on October 1, 2020 appears to be born out of mistake. The record shows that this case was assigned to this Court on September 29, 2020.[13] No assignment could have taken place at that time if the first document submitted occurred on October 1, 2020.

---

[12] *Rodriguez v. Farm Family Cas. Ins. Co.*, 2005 WL 1654019 at *2 (Del. Super. April 19, 2005); quoting Super. Ct. Civ. R. 15.

[13] Dk. Tr. ID 66005763. Merely looking at the civil complaint number would show that the initial filing would be in September.

Hajali's Exhibit 1 of the response to this Motion shows that the initial filing of the complaint was on September 22, 2020. Exhibit 2 shows a filing fee payable to the Prothonotary on September 22, 2020. Based on these facts, the Court concludes that the initial filing date was September 22, 2020, and that the amended complaint of October 13, 2020 should relate back to that date.

Wherefore, because of the reasons stated above, this Court **DENIES** Defendants', The Norman Law Firm, et. al., Motion to Dismiss Plaintiff's, Zohra Hajali, Complaint.

**IT IS SO ORDERED**.

*/s/ William L. Witham, Jr.*
Resident Judge

WLW/dmh